IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Arion Dinkins, #22685-058, ) | C/A No. 8:15-490-RMG-JDA |
| Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ~~United States of America~~; Linda Thomas, ) | |
| Respondent. ) | |

Bobby Arion Dinkins ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.[1] He paid the $5 filing fee. [Doc. 5.] Petitioner is a prisoner incarcerated at FCI-Edgefield, in Edgefield, South Carolina, and he seeks to vacate his federal sentence. The Petition should be re-characterized as a 28 U.S.C. § 2255 habeas action and transferred to the sentencing court, the United States District Court for the Western District of North Carolina (Charlotte).

## BACKGROUND

Petitioner alleges that he was convicted by guilty plea of "interference with commerce by threat or violence and unlawful transport of firearms" in the United States District Court for the Western District of North Carolina (Charlotte). [Doc. 1-5 at 2.] He alleges on April 28, 2010, the sentencing court imposed 252 months of imprisonment to be served concurrently with 240 months of imprisonment. [*Id.* at 3.] *See* Judgment, *United States v. Dinkins*, Cr. No. 3:08-254-MR-1 (W.D.N.C. April 28, 2010), ECF No. 24. He alleges he did not file a direct appeal. [Doc. 1-5 at 3–4.] This Court takes judicial notice

---

[1]In response to this Court's February 25, 2015, Order, Petitioner completed the Court's § 2241 form and indicated that Linda Thomas is the warden of his prison facility. The proper respondent in a habeas corpus action is a prisoner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

that it appears Petitioner has not filed a § 2255 action in the sentencing court.[2] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

In the instant Petition, Petitioner alleges that he brings this § 2241 habeas petition seeking to vacate his sentence and to be re-sentenced without the "ACC" enhancement. [Doc. 1-5 at 9.] Specifically, he argues that the Armed Career Criminal Act ("ACCA")[3] was applied to enhance his sentence, but because of changes in the law the predicate offenses no longer qualify as predicate offenses. [*Id.* at 8.] He further contends that the government breached the plea agreement. [*Id.*] He seems to allege that several cases decided after he was sentenced have changed the law of the definition of felony conviction and violent offense, and the Supreme Court's decision in *Persaud v. United States*, 134 S. Ct. 1023 (2014), permits him to bring this § 2241 action with "no time limit." [Doc. 1 at 6–7.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and

---

[2]On September 19, 2013, Petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582, and after the sentencing court gave Petitioner notice that it intended to re-characterize the motion as pursuant to § 2255, the Petitioner objected to the motion being re-characterized. *See* Orders, *United States v. Dinkins*, Cr. No. 3:08-254-MR-1 (W.D.N.C. Dec. 5, 2013 and Jan. 17, 2014), ECF No. 32, 34. Thus, the sentencing court decided the motion pursuant to 18 U.S.C. § 3582, denied it, and did not consider it to be pursuant to § 2255. *Id.* at ECF No. 34.

[3]In his brief, Petitioner contends that he was found to be an armed career criminal under the federal sentencing guidelines. [Doc. 1 at 2.]

submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal or transfer. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

Petitioner filed this action pursuant to 28 U.S.C. § 2241. Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. April 7, 2009) (citation omitted). A writ under § 2241 by a federal prisoner must be brought against the warden of the facility where the prisoner is being held, and a court may only issue a writ if it has jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); 28 U.S.C. § 2241(a). Because Petitioner is incarcerated in the District of South Carolina and he appears to name the warden of FCI

3

Edgefield (his custodian) as the Respondent, a § 2241 Petition properly may be filed in this Court.

However, a core issue is whether Petitioner's claims are cognizable under § 2241. Petitioner alleges that he is attacking the validity of his federal sentence; this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010); *see also* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence.") (emphasis added). Section 2255 does contain a savings clause which permits a district court other than the sentencing court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Rice*, 617 F.3d at 807; 28 U.S.C. § 2255(e). The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted); *see also Rice*, 617 F.3d at 807 (explaining that § 2255 is not inadequate or ineffective when "'an individual is procedurally barred from filing a § 2255 motion'") (citation omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to

4

>be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34.

In this case, there is no plausible allegation that the savings clause permits Petitioner to bring his claims within the § 2241 Petition. Petitioner does not allege that subsequent to his direct appeal and first § 2255 motion the substantive law changed such that the conduct of which Petitioner was convicted is now deemed not to be criminal. In fact, it appears that Petitioner has not filed a § 2255 action with the sentencing court to permit it to review his claims for relief. Accordingly, the *In re Jones* savings clause test is not satisfied. *See Hackett v. Atkinson*, C/A No. 9:13-1274-JFA-BM, 2013 WL 3972393, at *3 (D.S.C. July 31, 2013) ("[C]ourts appear to require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the 'savings clause,' which would allow a § 2241 petition to be filed at a later date," and transferring the case to the United States District Court for the Easter District of Virginia); *Chavez-Tovar v. Atkinson*, C/A No. 1:12-1310-DCN-SVH, 2012 WL 3028024, at *2–3 (D.S.C. June 28, 2012) (the possibility that a § 2255 motion filed in the sentencing court may be rejected on the merits or ruled to be untimely or successive does not render the § 2255 remedy inadequate or ineffective), *adopted*, 2012 WL 3877674 (D.S.C. Sept. 6, 2012).

Rather than dismiss this § 2241 action without prejudice, it should be re-characterized as a § 2255 Petition and transferred to the sentencing court. A case may be transferred pursuant to 28 U.S.C. § 1631 if it is "in the interest of justice." *See Shaw v. United States*, 417 F. App'x 311 (4th Cir. 2011) (finding that instead of dismissing the § 2241 Petition, the interest of justice required the district court to transfer it to the sentencing

court because if petitioner were to file a new § 2255 motion in that district the claims likely would have been time-barred); *Provenzale v. United States*, 388 F. App'x 285 (4th Cir. 2010) (explaining that if a district court construes a § 2241 petition as a § 2255 motion it would lack jurisdiction to entertain the motion; thus, the district court must determine whether it would be in the interests of justice to transfer it). Here, it is in the interest of justice to re-characterize this habeas petition and transfer it for several reasons: the AEDPA one-year statue of limitations may be an issue;[4] Petitioner has not yet filed a § 2255 petition in the United States District Court for the Western District of North Carolina (Charlotte); and, the relief sought by Petitioner is within the scope of § 2255. *Id.*

If this action is re-characterized as a § 2255 action, Petitioner is hereby informed that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions.[5] Accordingly, Petitioner may withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he has. *See United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008); *United States v. Castro*, 540 U.S. 375 (2003).

---

[4]The sentencing court may ultimately determine that Petitioner's § 2255 action is time-barred; however, the government may waive the statue of limitations or Petitioner may be able to establish that § 2255(f)(2)–(4) applies. *See Miller v. United States*, 735 F.3d 141 (4th Cir. 2013) (where a Petitioner filed his § 2255 Petition four years after his conviction, pursuant to *Simmons* because he did not have a qualifying predicate conviction, the government waived the statute of limitations).

[5]Before a petitioner may litigate a second § 2255 habeas petition, the "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244 (regarding the finality of determination).

**As explained on the last page of this Report and Recommendation, Petitioner is given ten (10) days to file objections to this Report and Recommendation, and Petitioner must also withdraw his petition or amend it so that it contains all of the § 2255 claims that he believes he has, if he chooses to do so, within the same ten-day deadline.**[6]

### RECOMMENDATION

Accordingly, it is recommended that, after Petitioner has had the opportunity to respond, the above-captioned case be re-characterized as a habeas petition pursuant to 28 U.S.C. § 2255 and transferred to the United States District Court for the Western District of North Carolina (Charlotte).  *See* 28 U.S.C. § 1631. ***Petitioner's attention is directed to the important notice on the next page.***

March 26, 2015                                                s/Jacquelyn D. Austin
Greenville, South Carolina                          United States Magistrate Judge

---

[6]Nothing in this Report and Recommendation prohibits the United States District Court for the Western District of North Carolina (Charlotte) from allowing Petitioner more time to amend his § 2255 action.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).